# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADAM ANDRIANOPOULIS | * | CIVIL ACTION |
| DEAN ANDRIANOPOULIS | * | |
| AND JULIE ANDRIANOPOULIS | * | NO. 09-2367 |
| | * | |
| VERSUS | * | SECTION "L"(4) |
| | * | |
| CHARLES GROSS ET AL | * | |

## ORDER & REASONS

Before the Court are Motions for Summary Judgment filed by Charles Gross (Rec. Doc. No. 22) and Princeton Excess and Surplus Lines Insurance Company (Rec. Doc. No. 24). For the following reasons, the motions are DENIED.

## I. BACKGROUND

This case arises out of a traffic collision that occurred on June 24, 2007 on Westbound Interstate 10 in St. Tammany Parish, Louisiana. Defendant Charles Gross was operating a 2007 Ford F-350 van rented by Towson Presbyterian Church when he collided with a 1997 Honda Accord operated by Nadine Dalati (hereinafter the "Dalati vehicle"). Plaintiff Adam Andrianopoulis was a passenger in the Dalati vehicle. According to the Plaintiff, the Dalati vehicle went off the roadway, re-entered the roadway, struck a guard rail, and then was struck by Defendant's vehicle on the passenger side. Plaintiff alleges that Defendant's negligence was the sole cause of the accident. At the time of the accident, Defendant Charles Gross was covered by an automobile liability insurance policy issued by Defendant Princeton Excess and Surplus Lines Insurance Company. Plaintiff alleges that he has suffered severe physical injuries, primarily to his hip and spine, and seeks damages for pain and suffering, and loss of earnings and earning

1

capacity, among other things. Plaintiff's parents, Dean and Julie Andrianopoulis are also Plaintiffs in this suit, and seek damages for loss of consortium and emotional and mental distress.

## II.     THE MOTIONS

Defendant Charles Gross now moves for summary judgment on the grounds that there is no genuine issue as to whether the Defendants are liable to the Plaintiffs, and accordingly the Plaintiffs' claims should be dismissed. The Defendant asserts that Charles Gross was reasonably driving at the posted speed limit, and he could reasonably assume that the road ahead was safe for travel. The Defendant asserts that Gross was not obligated to anticipate "extraordinary dangers" such as the Dalati vehicle darting across his lane of travel. The Defendant also argues that the collision in the instant case qualifies as a "sudden emergency," which is recognized by Louisiana courts as a viable defense to negligence claims in motor vehicle collision cases. In the alternative, the Defendant asserts that the collision in the instant case qualifies as an "inevitable accident," such that no liability should attach. The Defendant Princeton Excess and Surplus Lines Insurance Company has also filed a motion for summary judgment incorporating the motion of Defendant Charles Gross.

In response, Plaintiffs assert that there remains an issue of material fact as to the manner in which the Defendant operated his vehicle. Specifically, Plaintiffs assert that the testimony of an eyewitness to the collision suggests Defendant was operating his vehicle at an unsafe speed given the circumstances. Plaintiffs further argue that Gross was under a duty to operate his vehicle safely given the circumstances, that he should have reduced his speed when driving through the curve, and that had he done so the collision would have been avoided. Plaintiffs also question Defendant's reliance on the testimony of the state trooper initially

dispatched to the collision, as the trooper did not witness the collision, nor was he certified to reconstruct the accident; further, his opinions as to how the accident happened and who might have been at fault are inadmissable.

In a reply memorandum, the Defendant Gross asserts that Plaintiffs' characterization of the eyewitness testimony is incorrect. The Defendant asserts that the eyewitness testimony shows no evidence of negligence by the Defendant.

### III.     LAW & ANALYSIS

Summary judgment is only appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir.1989). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir.1995).

Under Louisiana law, liability for negligence is determined according to a Duty/Risk analysis. *See Fowler v. Roberts*, 556 So .2d 1 (La.1989). The determination of liability in a negligence case usually requires proof of five separate elements: (1) proof that the defendant had

3

a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element). *Kirklin v. U.S. Government*, 2001 WL 1262618, *2 (E.D.La. Oct. 18, 2001).

On the road, drivers have a duty to maintain a proper lookout and to see what should be seen. *Davis v. Smith*, 796 So.2d 765, 769 (La.App. 2 Cir. 2001) (citing *Thissel v. Commercial Union Ins. Co.*, 476 So.2d 851 (La.App. 2 Cir. 1985)). A driver may assume that the road ahead is safe for travel, but when driving in darkness or circumstances of low visibility, the driver must observe the road carefully and maintain control of his vehicle so as to avoid discernible objects in his path; that is, in adverse conditions, a greater degree of care must be exercised. *Id*. In order for a driver to have the benefit of the sudden emergency doctrine in assessing negligence, there must be evidence showing the driver saw an imminent accident and attempted some preventative course of action. *Mulvihill v. Martin*, 2009 WL 1531776, *1 (La.App. 3 Cir., June 03, 2009).

In the instant case, Defendant may very well qualify for a judgment as a matter of law once the evidence has been presented, pursuant to Rule 50 of the Federal Rules of Civil Procedure. However, genuine issues of material fact exist at this time as to the manner in which Defendant was operating his vehicle at the time of the collision. While the Defendants assert that Gross was safely traveling at approximately 70 miles per hour, the Plaintiffs contend that Gross was traveling at least 70 miles per hour and that his failure to slow down while

4

approaching a dangerous curve was unreasonable given the circumstances. Further, the testimony of a state trooper that did not witness the accident and an eyewitness who was driving behind a "pack" of other vehicles is not enough at this stage to remove questions as to the speed at which Defendant was driving or his attentiveness. These remain disputed issues to be determined by the finder of fact. These questions will need to be answered when applying Louisiana's "duty/risk" analysis. *See LeJeune v. Union Pacific Railroad*, 712 So.2d 491, 494 (La. 1998). If Plaintiffs can show that Gross's negligence created an emergency, or that Gross did not act in a reasonable manner when confronted with an emergency, Defendants may not escape liability pursuant to the sudden emergency doctrine. Accordingly, there are unresolved factual issues and, therefore, summary judgment is inappropriate at this time.

**IV.     CONCLUSION**

For the foregoing reasons, it is ORDERED that the Defendants' Motions for Summary Judgment (Rec. Doc. Nos. 22 and 24) be and are hereby DENIED.

New Orleans, Louisiana this <u>29th</u> day of July, 2009.

_____
UNITED STATES
DISTRICT JUDGE

5